Filed 9/20/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>       Petitioner,<br><br>       v.<br><br>THE SUPERIOR COURT OF SANTA CLARA COUNTY,<br><br>       Respondent;<br><br>S.L.,<br><br>       Real Party in Interest. | H046598<br>(Santa Clara County<br>Super. Ct. No. 18JV42913A) |

Proposition 57 required prosecutors charging a minor aged 14 or older at the time of the offense to seek a juvenile court's approval to transfer the minor to adult criminal court. In 2018, the Legislature enacted Senate Bill No. 1391 (SB 1391), prohibiting the transfer of 14- and 15-year-old minors to criminal court in most cases.

The Santa Clara County District Attorney petitions this court for a writ of mandate requiring the juvenile court to conduct a hearing on whether minor S.L. should be transferred to criminal court.[1] S.L. was 15 years old at the time of the alleged conduct. The juvenile court declined to hold a transfer hearing based on SB 1391. The District Attorney now contends SB 1391 unconstitutionally amended Proposition 57 by

---

[1] The District Attorney requests that we take judicial notice of Senate Bill No. 1253, which enacted the current version of Elections Code section 9002. S.L. does not object. Accordingly, we grant the District Attorney's request. (Evid. Code, § 451, subd. (a).)

abrogating prosecutors' ability to move for transfer of minors who are 14 and 15 years of age to adult criminal court.

We hold SB 1391 is constitutional because it is consistent with and furthers the intent of Proposition 57. Accordingly, we will deny the petition.

## I.    PROCEDURAL BACKGROUND

The prosecution charged S.L. with one count of murder and three counts of attempted murder. The alleged facts of the offenses are irrelevant to the resolution of this matter. The parties agree that S.L. was 15 years old at the time of the alleged murder.

In February 2018, the prosecution filed a juvenile wardship petition under Welfare and Institutions Code section 602 alleging four counts: Count 1—murder (Pen. Code, § 187); and counts 2 through 4—attempted murder (Pen. Code, §§ 664, 187).[2] As to count 1, the petition alleged that S.L. personally and intentionally discharged a firearm in the commission of the offense. (Pen. Code, § 12022.53, subd. (d).) As to counts 2 through 4, the petition alleged that S.L. was a principal in the offense and that at least one principal personally and intentionally discharged a firearm. (Pen. Code, § 12022.53, subds. (c) & (e)(1).)

In October 2018, the prosecution filed a brief challenging the constitutionality of SB 1391 on the ground that it impermissibly amended Proposition 57 by eliminating a court's ability to transfer jurisdiction over a 15-year-old charged with murder to adult criminal court. S.L. filed an opposing brief, and the prosecution replied. In December 2018, the trial court held a transfer setting hearing and issued a ruling on the constitutional issue. The court ruled that SB 1391 is constitutional "and that it does impact the litigation in this case." The court then issued an amended decision in January 2019, shortly after SB 1391 took effect. In a written opinion, the court ruled that

---

[2] The parties agree that S.L. was 16 years old at the time of the offenses charged in counts 2 through 4. The trial court has not declined to hold a transfer hearing with respect to those counts, and they are not at issue here.

2

SB 1391 did not impermissibly amend Proposition 57 and was therefore constitutional. The court also stayed the ruling as to count 1 to allow the prosecution to petition for a writ.

The District Attorney then petitioned for a writ of mandate in this court on January 31, 2019. We stayed all trial court proceedings and requested preliminary opposition from S.L. in February 2019. After S.L. filed his brief in opposition, we issued an order to show cause, and with our permission S.L. chose to treat his opposition brief as the written return.

## II. DISCUSSION

The District Attorney contends SB 1391 constitutes an unconstitutional amendment to Proposition 57 because the latter gave juvenile courts the discretion, upon motion by the prosecution, to transfer a 14- or 15-year-old minor to adult criminal court for certain offenses. The District Attorney contends that Article II, section 8 of the California Constitution prohibits the Legislature from amending Proposition 57 in the manner that SB 1391 did. The District Attorney further argues that SB 1391 impermissibly amended Proposition 21, which had authorized prosecutors to charge minors 14 years and older directly in criminal court. S.L. argues that SB 1391 did not amend Proposition 57, but that even assuming it did, any amendment was authorized under an amendment clause in the proposition. We disagree with S.L. that SB 1391 did not constitute an amendment. For the reasons below, however, we agree with S.L. that SB 1391 constitutionally amended Proposition 57.

### A. *Legal Background*

Before Proposition 21 was passed in 2000, any person accused of committing a crime under the age of 18 came within the jurisdiction of a juvenile court. (*People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 305 (*Lara*).) The minor was kept in juvenile court rather than adult criminal court unless the minor was determined to be unfit for treatment in juvenile court, or the minor was accused of certain serious crimes such as

3

first degree murder. (*Manduley v. Superior Court* (2002) 27 Cal.4th 537, 548.) After Proposition 21, prosecutors were empowered in certain circumstances to charge minors directly in criminal court without any requirement of a fitness hearing—so-called "direct filing." (*Id.* at pp. 548-549.)

In 2016, the voters approved Proposition 57, which eliminated prosecutors' power to charge a minor directly in criminal court. (*Lara*, *supra*, 4 Cal.5th at p. 305.) However, as to minors charged with certain offenses committed at 14 years of age or older, Proposition 57 allowed prosecutors to "make a motion to transfer the individual from juvenile court to a court of criminal jurisdiction." (Former Welf. & Inst. Code, § 707, subd. (a)(2), repealed by Stats. 2018, ch. 1012 (SB 1391), § 1, eff. Jan. 1, 2019.)

In 2018, the Legislature enacted SB 1391. Effective January 1, 2019, SB 1391 eliminated prosecutors' ability to seek transfer of 14- and 15-year-olds from juvenile court to criminal court unless the minor is "not apprehended prior to the end of juvenile court jurisdiction." (Welf. & Inst. Code, § 707, subd. (a)(2).) Section 3 of SB 1391 declared that it amended Proposition 57 and "is consistent with and furthers the intent of Proposition 57." (SB 1391, § 3.)

"The Legislature may amend or repeal an initiative statute by another statute that becomes effective only when approved by the electors unless the initiative statute permits amendment or repeal without the electors' approval." (Cal. Const., art. II, § 10, subd. (c).) "The purpose of California's constitutional limitation on the Legislature's power to amend initiative statutes is to 'protect the people's initiative powers by precluding the Legislature from undoing what the people have done, without the electorate's consent.' [Citations.]" (*Proposition 103 Enforcement Project v. Charles Quackenbush* (1998) 64 Cal.App.4th 1473, 1484.)

Proposition 57 expressly allowed for amendments by the Legislature provided "such amendments are consistent with and further the intent" of the proposition. (Ballot Pamp., Gen. Elec. (Nov. 8, 2016), text of Prop. 57, § 5, p. 145.) "Such a limitation upon

4

the power of the Legislature must be strictly construed, but it also must be given the effect the voters intended it to have." (*Amwest Surety Ins. Co. v. Wilson* (1995) 11 Cal.4th 1243, 1255-1256 (*Amwest*).)  A reviewing court shall uphold the validity of the amendment if, by any reasonable construction, it can be said that the statute furthers the purposes of the proposition.  (*Id.* at p. 1256; *People v. Superior Court* (*Alexander C.*) (2019) 34 Cal.App.5th 994 (*Alexander C.*).)  We apply the general rule that " 'a strong presumption of constitutionality supports the Legislature's acts.' "  (*Amwest*, *supra*, 11 Cal.4th at p. 1253.)

## B.  *Statutory Authority for Writ Relief*

S.L. contends appellate review is unavailable because the trial court acted within its jurisdiction and no statute authorizes writ relief in this court.  The District Attorney relies on California Rules of Court, rule 5.770, providing in part:  "An order granting or denying a motion to transfer jurisdiction of a child to the criminal court is not an appealable order.  Appellate review of the order is by petition for extraordinary writ." (Cal. Rules of Court, rule 5.770(g).)  Although the trial court did not issue an order denying any motion to transfer, the District Attorney contends the court's refusal to hold a transfer hearing is no different than such a denial.  The District Attorney further contends we have the authority to provide relief under *People v. Superior Court* (*Jones*) (1998) 18 Cal.4th 667 [holding that the prosecution is entitled to writ review to challenge a juvenile court's finding of fitness].)

We agree with the District Attorney that California Rules of Court, rule 5.770 provides express authority for writ relief in this court.  For all practical purposes, declining to hold a transfer hearing is indistinguishable from denying a motion to transfer.  This is not to say the trial court acted outside its jurisdiction; SB 1391 eliminated the trial court's power to hold a transfer hearing on count 1.  This court nonetheless has discretionary power to decide the District Attorney's writ petition.  (See *Jones*, *supra*, 18 Cal.4th at p. 680 [in the case of an order finding a minor fit for treatment

5

under juvenile court law, and thereby vesting jurisdiction in the juvenile court, the People are entitled to seek writ review of error]. Moreover, S.L. identifies no grounds for a direct appeal, leaving writ relief the only avenue to seek review. "Review by mandate 'is often sought before trial to avoid the effect of a trial court's order or other ruling that will affect the conduct of the proceedings and that could not otherwise be challenged until after judgment is rendered.' [Citation.] Unlike the appeal following judgment, which is heard as a matter of statutory right, review by writ is at the discretion of the reviewing court." (*People v. Mena* (2012) 54 Cal.4th 146, 153.) Accordingly, writ review is the proper vehicle to seek relief in this instance.

### C. *Constitutionality of SB 1391*

The District Attorney concedes that Proposition 57 authorized future amendments that would be consistent with and further the intent of the proposition. But the District Attorney contends SB 1391 is inconsistent with and does not further the intent of Proposition 57. Division Four of the First Appellate District recently rejected this argument and upheld the constitutionality of SB 1391 in *Alexander C.*, *supra*, 34 Cal.App.5th 994. The Third Appellate District followed suit in *People v. Superior Court* (*K.L.*) (2019) 36 Cal.App.5th 529 (*K.L.*), as did the Fifth Appellate District in *People v. Superior Court* (*T.D.*) (2019) 38 Cal.App.5th 360 and *People v. Superior Court* (*I.R.*) (2019) 38 Cal.App.5th 383. We agree with the well-reasoned holdings of these decisions.

Proposition 57 set forth the following purposes: "1. Protect and enhance public safety. [¶] 2. Save money by reducing wasteful spending on prisons. [¶] 3. Prevent federal courts from indiscriminately releasing prisoners. [¶] 4. Stop the revolving door of crime by emphasizing rehabilitation, especially for juveniles. [¶] 5. Require a judge, not a prosecutor, to decide whether juveniles should be tried in adult court." (Ballot Pamp., *supra*, text of Prop. 57, § 2, p. 141.) Only two of the stated purposes—the fourth

6

and the fifth—specifically address the treatment of juvenile offenders.[3]  As to the fourth purpose, SB 1391 clearly emphasizes the rehabilitation of juveniles.  "[SB] 1391 takes Proposition 57's goal of promoting juvenile rehabilitation one step further by ensuring that almost all who commit crimes at the age of 14 or 15 will be processed through the juvenile system." (*Alexander C.*, *supra*, 34 Cal.App.5th at p. 1000.)  As to the fifth purpose, while SB 1391 narrows the class of minors subject to transfer through judicial review, the amendment "in no way detracts from Proposition 57's stated intent that, where a transfer decision must be made, a judge rather than a prosecutor must make the decision." (*Id*. at p. 1001.)  The District Attorney focuses on the statement of intent to allow "a judge, not a prosecutor" to decide whether juveniles may be tried in adult court, but "[t]his language does not suggest a focus on retaining the ability to charge juveniles in adult court so much as removing the discretion of district attorneys to make that decision." (*K.L.*, *supra*, 36 Cal.App.5th at p. 539.)  This reading of the language is consistent with the explicitly stated purposes of the initiative to promote rehabilitation and reduce wasteful spending.  (*Ibid.*)

The first stated purpose—public safety—does not specifically address the treatment of juvenile offenders, but SB 1391 is nonetheless consistent with that objective. As noted in *Alexander C.*, *supra*, Proposition 57 was supported with the argument that " 'minors who remain under juvenile court supervision are less likely to commit new crimes.' " (*K.L., supra,* 36 Cal.App.5th at p. 541, quoting Ballot Pamp., *supra*, argument in favor of Prop. 57, p. 58.)  By keeping minors who are 14- and 15-years of age under juvenile court supervision, SB 1391 is consistent with the intent of the initiative.  As to the second stated purpose, consistent with the intent of Proposition 57, SB 1391 is likely to reduce wasteful prison spending by keeping juvenile offenders out of prison, as

---

[3] Proposition 57 also changed the law governing the adult criminal justice system by expanding parole suitability review for state prisoners.  (*Brown v. Superior Court* (2016) 63 Cal.4th 335, 354.)

" 'youths would no longer spend any time in prison or be supervised by state parole agents following their release.' " (*Alexander C.*, *supra*, 34 Cal.App.5th at p. 1002, quoting Ballot Pamp., *supra*, analysis by the legislative analyst, p. 57.)

As for preventing federal courts from indiscriminately releasing prisoners, Proposition 57 was designed to relieve prison overcrowding and thereby preempt a federal court from releasing prisoners on that ground. (See *Coleman v. Schwarzenegger* (E.D.Cal. and N.D.Cal. 2009) 922 F.Supp.2d 882, 962 [ordering the state to propose plans for reducing prison populations].) SB 1391 will serve the same purpose by reducing the number of juvenile offenders who would eventually be imprisoned.

The District Attorney interprets the purposes of Proposition 57 by divining its intent from a few select provisions. The District Attorney's reading is far too narrow; under this standard, no amendment would be possible. "[I]f any amendment to the provisions of an initiative is considered inconsistent with an initiative's intent or purpose, then an initiative such as Proposition 57 could never be amended." (*Alexander C.*, *supra*, 34 Cal.App.5th at p. 1003.) The overall intent of Proposition 57 is in accord with SB 1391. "[T]he intent of the electorate in approving Proposition 57 was to broaden the number of minors who could potentially stay within the juvenile justice system, with its primary emphasis on rehabilitation rather than punishment." (*People v. Vela* (2018) 21 Cal.App.5th 1099, 1107 (*Vela*).) For the reasons set forth above, SB 1391 furthers the initiatives intent.

Finally, we reject the District Attorney's claim that SB 1391 unconstitutionally amends Proposition 21. The voters have the power to amend or repeal prior voter initiatives, and they did so with Proposition 57. "The voters apparently rethought their votes on Proposition 21 and passed Proposition 57 . . . ." (*J.N. v. Superior Court* (2018) 23 Cal.App.5th 706, 710-711.) Approved in 2000, Proposition 21 required prosecutors to charge minors over 13 years of age directly in criminal court for the most serious offenses. For other serious crimes, Proposition 21 gave prosecutors the discretion

8

whether to charge minors over age 13 in criminal court. Proposition 57 abrogated this regime by requiring prosecutors to move for transfer in juvenile court and granting juvenile courts the discretion whether to grant it after a transfer hearing. "Thus, while the intent of the electorate in approving Proposition 21 was to broaden the number of minors subject to adult criminal prosecution, the intent of the electorate in approving Proposition 57 was precisely the opposite." (*Vela*, *supra*, 21 Cal.App.5th at p. 1107.) In other words, "Proposition 57 was designed to undo Proposition 21." (*People v. Cervantes* (2017) 9 Cal.App.5th 569, 596, disapproved on other grounds by *Lara*, *supra*, 4 Cal.5th 299.) SB 1391, by furthering the intent of Proposition 57, bolsters this voter-approved undoing. Because the voters, by approving Proposition 57, effectively repealed the relevant portions of Proposition 21, SB 1391 is not an unconstitutional amendment to it. (*Alexander C.*, *supra*, 34 Cal.App.5th at p. 1001.)

For the reasons above, we conclude SB 1391 does not unconstitutionally amend either Proposition 57 or Proposition 21. We will deny the District Attorney's writ petition.

### III. DISPOSITION

The petition for writ of mandate is denied. This opinion is made final as to this court seven days from the date of filing (Cal. Rules of Court, rule 8.940(b)(2)(A)). The temporary stay order shall remain in effect until this decision becomes final.

9

_____
Greenwood, P.J.

I CONCUR:

_____
 Danner, J.

The People v. Superior Court
No. H046598

**Grover, J., Dissenting**

I do not agree that Senate Bill 1391 is a valid exercise of legislative authority. The majority frames the issue as whether Senate Bill 1391 violates California's constitutional prohibition against amending a voter initiative. The Constitution prohibits the Legislature from amending an initiative, unless the initiative expressly allows the Legislature to do so. (Cal. Const., art. II, section 10, subd. (c).) Because Proposition 57 does allow amendment by the Legislature (Voter Information Guide, Gen. Elec. (Nov. 8, 2016) text of Prop.57, § 5, p. 141), the controlling question is not of constitutional magnitude but rather is a matter of statutory interpretation. (*Santa Clara County Local Transportation Authority v. Guardino* (1995) 11 Cal.4th 220, 230 [court should not reach constitutional questions unless absolutely required to dispose of the matter].) The validity of Senate Bill 1391 hinges on whether its provisions are within the scope of the amending authority granted to the Legislature under Proposition 57.

Section 5 of Proposition 57 describes how it may be amended: "The provisions of [] of this act may be amended so long as such amendments are consistent with and further the intent of this act[.]" Accordingly, the Legislature exceeds its authority if it makes a change that is inconsistent with what the voters intended when they enacted Proposition 57. When determining the intent of an initiative, a court is not limited to the measure's broad statements of purpose. Its substantive provisions must also be given effect. (*Gardner v. Schwarzenegger* (2009) 178 Cal.App.4th 1366, 1374.)

Substantively, Proposition 57 proscribes criminal prosecution of juvenile offenders, with two exceptions: (1) when a juvenile commits an offense at age 16 or older; and (2) when certain serious offenses (such as murder, rape, or arson) are committed at age 14 or 15. Offenders in those two categories are subject to criminal prosecution at the juvenile court's discretion based on specified criteria (criminal sophistication, delinquency history, amenability to rehabilitation, and the like). (Welf. & Inst. Code, § 707, subds. (a), (b), repealed by Stats. 2018, ch. 1012, § 1, eff. Jan. 1, 2019.)

The intent of the initiative is readily apparent: To ensure that juvenile cases are handled in juvenile courts, while allowing for prosecution in certain situations if a judge agrees, based on specified criteria, that public safety necessitates adult treatment. That multidimensional approach mirrors the relevant statements of intent contained in Proposition 57: To protect and enhance public safety; to emphasize rehabilitation for juveniles; and to allow a judge to decide whether an eligible juvenile should be tried in adult court. (Voter Information Guide, Gen. Elec. (Nov. 8, 2016) text of Prop. 57, § 2, p. 141.)

Senate Bill 1391 simply eliminated the second category of juvenile offenders who can be criminally prosecuted. Under Senate Bill 1391, 14- and 15-year-olds who commit serious offenses generally cannot be transferred to adult court. By eliminating the exception entirely, the Legislature has undermined one of the initiative's intended methods of protecting public safety. Whether taking 14- and 15-year-olds who have committed serious offenses out of juvenile court is the best way to promote public safety can be fairly debated. But what cannot reasonably be debated is that the voters wanted to do it that way. The Legislature's removal of one mechanism the voters preserved to protect public safety is contrary to the intent of the initiative.

Through Senate Bill 1391, the Legislature also unilaterally stripped the prosecutor's power to seek and the juvenile court's discretion to consider criminal prosecution for certain 14- and 15-year olds. Proposition 57 ensured that a judge would determine whether qualifying juveniles should be tried in criminal court. After Senate Bill 1391, judges no longer have that authority. The Legislature has taken away from prosecutors and courts a power that the electorate had chosen to provide. (See *People v. Superior Court of Stanislaus County (T.D.)* (2019) 38 Cal.App.5th 360, 379 (dis. opn. of Poochigian, Acting P.J.)

None of this is intended as a comment on whether Senate Bill 1391's approach to juvenile justice reflects sound policy. It is not for the courts to make that determination.

Indeed, policy decisions are usually the province of the Legislature.  But here, because of the rules of the initiative process, the Legislature is constrained by the will of the electorate.  The role of the courts is limited as well.  We are not tasked with deciding whether Senate Bill 1391 is consistent with the public good; the only issue is whether it is consistent with Proposition 57.  (See *Amwest Surety Insurance Co. v. Wilson* (1995) 11 Cal.4th 1243, 1265.)  As I find Senate Bill 1391 to be inconsistent with fundamental provisions of Proposition 57, I must dissent.


_____
GROVER, J.

3

Trial Court:                                    Santa Clara County Superior Court
                                                Superior Court No.: 18CV42913A


Trial Judge:                                    The Honorable Katherine Lucero




Attorneys for Petitioner,                       Jeffery Rosen
PEOPLE:                                          Jeff Rubin
                                                Office of the District Attorney




Attorneys for Real Party in Interest,           Molly O'Neal
S.L.:                                           Jeffrey M. Dunn
                                                Office of the Public Defender




Attorneys for Amicus Curiae for Real Party      Xavier Becerra
in Interest,                                    Attorney General of California
S.L.:                                           Thomas S. Patterson
                                                Senior Assistant Attorney General
                                                Tamar Pachter
                                                Supervising Deputy Attorney General
                                                Nelson R. Richards
                                                Deputy Attorney General